Jose ALIER, Joseph Arena, Bruce Barnwell, Edward Baronowski, Michael J. LoBascio, George J. Bauer, Domenico Berardesca, Robert Bertone, Jonathan Blum, William Boehmer, Vito DiBono, Edward Bottjer, Robert Brice, Charles Brown, Edward Buchalski, Charles Campo, Anthony Carbone, Arnold Carlin, Edward P. Casale, Richard Charnow, John Clifford, Frank Colletti, Frank Cooke, Joseph G. Costa, Philip Cuiffo, J. DiDonato, Lawrence Donley, Richard Dreste, Robert Dreste, Frank Dushanowitz, Robert W. Eger, Ely Fallas, Dennis R. Gaglia, Nicholas C. Gaglia, Hiraza M. Gialampoukis, Arthur Goldstein, Robert Gorski, Lawrence Harney, Jerry. K. Hennig, William Hoare, Basil Hurgus, Lionel Inselberg, Dave Johnston, Arthur Jones, William Jones, Dennis Jordan, Joseph Koenig, Robert Ledee, Heinz Leonhardt, Ernest Lewis, William Lindstat, Joseph Manfre, Luis Manzano, Anthony DeMarco, John F. DiMarco, Richard Maskelony, Robert Meoli, Robert Moller, Raymond Monahan, Salvatore

Montalbano, John B. Mueller, Thomas Murphy, Ralph Nazarro, Anthony Nazzaro, Charles Nettles, Patrick Nolan, Richard Pluschau, Ralph Polverino, John Porter, Jr., John R. Pulaski, Domenick Rafanelli, James C. Rennick, Kenneth Rodden, Lawrence H. Ross, John Saladino, Kenneth Sawicki, Leonard Schulman, Filippo Simone, Robert E. Spahn, Jeff DeStefano, Steve DeStefano, John Stoehrer, Victor Tello, Theodore Freudenberg, James Treanor, William Treanor, Voldemar Vaher, Sidney Waldman, John Wittman, Jr., Fredderick Pluschau, Plaintiffs–Appellees,

v.

TUSCAN DAIRY FARMS, INC., and Willie Whelan as President of Local 584, International Brotherhood of Teamsters, Defendants,

Tuscan Dairy Farms, Inc., and Local 584, International Brotherhood of Teamsters, Defendants–Appellants.

Nos. 354, 355, Dockets 92–7546, 92–7548.

United States Court of Appeals, Second Circuit.

Argued Nov. 17, 1992.

Decided Nov. 19, 1992.

Louie Nikolaidis, New York City (Daniel E. Clifton, Thomas M. Kennedy, Arthur Z. Schwartz, Lauren Esposito, Lewis, Greenwald, Kennedy, Lewis, Clifton & Schwartz, P.C., on the brief), for plaintiffs-appellees.

John T. Driscoll, New York City (Driscoll & Delaney, on the brief), for defendant-appellant Local 584, Intern. Broth. of Teamsters.

Richard M. Naness, Melville, N.Y. (Clifford P. Chalet, Carmelo Grimaldi, Kaufman, Naness, Schneider & Rosensweig, P.C., Melville, N.Y., on the brief), for defendant-appellant Tuscan Dairy Farms, Inc.

Before LUMBARD, FEINBERG, and KEARSE, Circuit Judges.

PER CURIAM:

Defendants Tuscan Dairy Farms, Inc. ("Tuscan"), and Local 584, International Brotherhood of Teamsters ("Local 584" or the "Union") appeal from a final judgment of the United States District Court for the Southern District of New York, after a bench trial before Michael B. Mukasey, *Judge*, ordering them, jointly and severally, principally to pay plaintiff Union members Jose Alier, *et al.*, a total of some $5.3 million in backpay, pension benefits, severance pay, and fringe benefits in satisfaction of plaintiffs' claims that Tuscan breached a collective bargaining agreement with Local 584 and that Local 584 breached its duty of fair representation to plaintiffs. Defendants make a number of arguments on appeal. Without reaching their present contentions, we vacate the judgment and remand for further consideration in light of recent Supreme Court authority.

The present action arises out of the purchase by Tuscan of Liberty Farms, Inc. ("Liberty"), a milk processor and distributor with a plant in Ozone Park, New York. Tuscan operated milk processing plants in Lindenhurst and Woodside, New York, and was party to a multi-employer collective

bargaining agreement with Local 584; Tuscan purchased Liberty after entering into an agreement with Local 584's president that the Union would not press for a merger of the Ozone Park seniority list into Tuscan's Lindenhurst and Woodside seniority lists. As a result of this agreement, which was not submitted to the union membership for ratification, plaintiffs, who were workers at Ozone Park, were advised to seek other employment. The Union rejected their requests that it demand that Tuscan arbitrate the issue of merger of the seniority lists.

In an opinion dated November 26, 1990, and published at 752 F.Supp. 116, the district court ruled, following a bench trial as to liability, (1) that by entering into and adhering to the agreement with Tuscan without ratification by Union membership, Local 584 breached its duty of fair representation, and (2) that Tuscan, by refusing to merge the seniority lists, breached a provision of the collective bargaining agreement. The court found the breaches to be mutually dependent. In deciding the fair-representation claim, the court stressed that Local 584 was "administering a collective bargaining agreement, not ... negotiating one," and stated that "that distinction is crucial because the flexibility and discretion that may be permitted to a union when it is negotiating a contract is not available in equal measure when the union is administering a contract." 752 F.Supp. at 123. It stated that the standard of fair representation with respect to contract administration is more demanding than with respect to contract negotiation, allowing the union to be found liable for "not following fixed rules or standards." *Id.* at 124.

In March 1991, a few months after the district court's liability decision, the Supreme Court decided *Air Line Pilots Association, International v. O'Neill,* — U.S. —, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991), clarifying the standard to be applied to fair-representation claims against a union:

> We hold that the rule announced in *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967)—that a union breaches its duty of fair representation if

its actions are either 'arbitrary, discriminatory, or in bad faith'—applies to all union activity, including contract negotiation. We further hold that a union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' *Ford Motor Co. v. Huffman,* 345 U.S. 330, 338, 73 S.Ct. 681, 686, 97 L.Ed. 1048 ... (1953), as to be irrational.

— U.S. at —, 111 S.Ct. at 1130.

Since the district court may have applied a standard different from that established by *O'Neill,* we vacate the judgment and remand in order to permit the court to consider the issues in light of the *O'Neill* standard. We of course express no view as to the merits.

No costs.